UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH GLASS,<br><br>        Plaintiff,<br><br>    v.<br><br>GLOBAL WIDGET, LLC,<br><br>        Defendant. | No. 2:19–cv–1906–MCE–KJN<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY<br><br>(ECF No. 24) |

Plaintiff, as putative class representative, alleges a variety of consumer fraud claims in connection with Defendant's sale of CBD–infused products. (See ECF No. 19.) On January 29, 2020, Defendant moved to either dismiss all of Plaintiff's claims, strike portions of the pleadings, or stay the case pending regulatory action by the FDA. (ECF No. 22.) These motions are set for an April 2, 2020 hearing before District Judge England. (Id.) Correspondingly, Defendant moved to stay all discovery until, at a minimum, the pleadings are set. (ECF No. 22.) Plaintiff did not respond to this motion, which the Court construes as its consent. See Local Rule 230(c). The Court now takes this matter under submission without oral argument pursuant to Local Rule 230(g), and rules on Defendant's motion without need for further response.

The Court finds that in the interest of judicial economy, a stay of discovery is appropriate, at least until the motion to dismiss/strike/stay is resolved. Without commenting on the merits of Defendant's motion, it is possible that all claims brought by Plaintiff could be dismissed with

1

prejudice. Thus, a stay of discovery is in line with the principles of judicial economy and the Federal Rules of Civil Procedure. See Song Fi v Google, 2016 WL 9185325 (N.D. Cal. April 27, 2016) (granting a stay of discovery prior to resolution of a motion to dismiss); Hall v Apollo Group, 2014 WL 4354420 (N.D. Cal. Sept. 2, 2014) (extending stay of discovery while the plaintiff worked on amending the complaint); see also Fed. R. Civ. P. 26(d) ("[A] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order.").

The Court will not take up Defendant's other contentions in its motion to stay discovery (that the FDA's "imminent regulatory action" will affect the outcome of the case, and that Defendant may "move to consolidate this case with a [similar] case against Defendant currently pending in the District of Massachusetts."). Should Defendant wish to move for an extension of the discovery after the expiration of this order on either of these grounds, it may do so if and when the pleadings are set.

Accordingly, IT IS HEREBY ORDERED:

1. Defendant motion to stay discovery (ECF No. 24) is GRANTED;
2. This stay will automatically lift once Defendant files an answer to any operative claims in Plaintiff's pleadings; and
3. The hearing on Defendant's motion to stay, currently set for March 5, 2020, is VACATED.

Dated: February 25, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE