1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KENNETH GLASS,                                    No.  2:19-cv-1906-MCE-KJN

12                    Plaintiff,                         ORDER GRANTING DEFENDANT'S
                                                         MOTION TO STAY DISCOVERY
13            v.
                                                         (ECF No. 24)
14    GLOBAL WIDGET, LLC,

15                    Defendant.

16

17        Plaintiff, as putative class representative, alleges a variety of consumer fraud claims in

18    connection with Defendant's sale of CBD–infused products.  (See ECF No. 19.)  On January 29,

19    2020, Defendant moved to either dismiss all of Plaintiff's claims, strike portions of the pleadings,

20    or stay the case pending regulatory action by the FDA.  (ECF No. 22.)  These motions are set for

21    an April 2, 2020 hearing before District Judge England.  (Id.)  Correspondingly, Defendant

22    moved to stay all discovery until, at a minimum, the pleadings are set.  (ECF No. 22.)  The parties

23    submitted a joint letter, as per Local Rule 251, outlining their positions and legal arguments.  The

24    Court now takes this matter under submission without oral argument.  See Local Rule 230(g).

25        The Court finds that in the interest of judicial economy, a stay of discovery is appropriate,

26    at least until the motion to dismiss/strike/stay is resolved.  It is possible that all claims brought by

27    Plaintiff could be dismissed, and so a stay of discovery is in line with the principles of judicial

28    economy and the Federal Rules of Civil Procedure.  See Song Fi v Google, 2016 WL 9185325

1

(N.D. Cal. April 27, 2016) (granting a stay of discovery prior to resolution of a motion to dismiss); Hall v Apollo Group, 2014 WL 4354420 (N.D. Cal. Sept. 2, 2014) (extending stay of discovery while the plaintiff worked on amending the complaint); see also Fed. R. Civ. P. 26(d) ("[A] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."). Plaintiff argues that Defendant's motion to dismiss lacks merit, and then proceeds to argue the merits of the case. The undersigned will not, however, usurp the authority of the district judge to rule on the merits of Defendant's pending dismissal motion, and so makes no comment as to the viability of Plaintiff's claims.

The Court will not take up Defendant's other contentions in its motion stay discovery (that the FDA's "imminent regulatory action" will affect the outcome of the case, and that Defendant may "move to consolidate this case with a [similar] case against Defendant currently pending in the District of Massachusetts."). Should Defendant wish to move for an extension of the discovery after the expiration of this order on either of these grounds, it may do so if and when the pleadings are set.

Accordingly, IT IS HEREBY ORDERED:

1. Defendant motion to stay discovery (ECF No. 24) is GRANTED; and

2. After the district court has ruled on the merits of Defendant's motion to dismiss and strike (or stay the case) (see ECF No. 22), Plaintiff may request a lift of this stay.

Dated: March 4, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE